O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Case No. 8:17-CV-00033 (VEB)

MARK QUINTANA,

           Plaintiff,

DECISION AND ORDER

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

           Defendant.

# I. INTRODUCTION

In November of 2012, Plaintiff Mark Quintana applied for Disability Insurance benefits and Supplemental Security income benefits under the Social Security Act. The Commissioner of Social Security denied the applications.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, represented by the Law Offices of Lawrence D. Rohlfing, Young Cho, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 12, 13, 24). On January 5, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 23).

## II. BACKGROUND

Plaintiff applied for benefits on November 7, 2012 and November 8, 2012, alleging disability beginning March 29, 2007. (T at 214-15, 218-26).[2] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On May 12, 2015, a hearing was held before ALJ Joan Ho. (T at 36). Plaintiff appeared with his attorney and testified.[3] (T at 43-62, 68-69, 70-71, 76-77). The ALJ also received testimony from Joseph Henry Torres, a vocational expert (T at 63-68, 69-70, 72-75, 77-78).

On June 17, 2015, the ALJ issued a written decision denying the application for benefits. (T at 16-35). The ALJ's decision became the Commissioner's final

---

[2] Citations to ("T") refer to the transcript of the administrative record at Docket No. 17.

[3] At the hearing, Plaintiff amended the alleged onset date to March 22, 2013. (T at 19).

decision on November 10, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

On January 7, 2017, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on June 7, 2017. (Docket No. 16). The parties filed a Joint Stipulation on November 2, 2017. (Docket No. 22).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be reversed and this case be remanded for further proceedings.

### III. DISCUSSION

**A.  Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot,

considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the

evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.	Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.     Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 22, 2013 (the amended alleged onset date) and met the insured status requirements of the Social Security Act through March 31, 2016. (T at 21). The ALJ found that Plaintiff's diabetes mellitus and diabetic neuropathy were "severe" impairments under the Act. (Tr. 21).

7
DECISION AND ORDER – QUINTANA v BERRYHILL 8:17-CV-00033-VEB

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 23).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to occasionally lift/carry 20 pounds; frequently lift/carry 10 pounds; stand/walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; and occasionally climb, balance, stoop, kneel, crouch, and crawl. (T at 23).

The ALJ found that Plaintiff could perform his past relevant work as a delivery driver. (T at 30).

As such, the ALJ concluded that Plaintiff was not entitled to benefits under the Social Security Act from March 22, 2013 (the alleged onset date) through June 17, 2015 (the date of the ALJ's decision). (T at 30). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D.  Disputed Issue**

As set forth in the parties' Joint Stipulation (Docket No. 22), Plaintiff offers a single argument in support of his claim that the Commissioner's decision should be reversed. He contends that the ALJ did not properly assess the opinion of one of the State Agency physicians.

# IV. ANALYSIS

**A.  Opinion of Dr. Berry**

In January of 2014, Dr. J. Berry, a non-examining State Agency review physician, opined that Plaintiff could occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds; and stand/walk for about 6 hours in an 8-hour workday. (T at 106).  Importantly, Dr. Berry found that Plaintiff's diabetic neuropathy and intermittent knee pain would limit him to frequent pushing/pulling with his lower extremities. (T at 106).

In an earlier opinion, rendered in February of 2013, Dr. Richard May, another State Agency review physician, opined that Plaintiff had no significant limitation with regard to his ability to perform work. (T at 84).

The ALJ addressed the opinions of Dr. Berry and Dr. May jointly, affording them little weight "because the medical consultants did not have the benefit of personally observing and examining [Plaintiff]." (T at 29).  The ALJ found the opinions "not consistent with the record as a whole." (T at 29).  Although not stated with precision, it appears the ALJ believed Plaintiff was more limited that the State Agency review consultants believed.  This is true, for example, with regard to lifting – the consultants found that Plaintiff could lift 50 pounds occasionally; the ALJ assessed a limitation to occasional lifting of 20 pounds.

However, the ALJ did not incorporate any limitation with regard to use of the lower extremities and did not explain why she rejected the assessment of Dr. Berry that Plaintiff was limited to frequent pushing/pulling with his lower extremities. (T at 106). This was a significant omission. The ALJ found that Plaintiff was not disabled because he could perform his past relevant work as a delivery driver. (T at 30). Plaintiff testified that he drove at least 5.5 hours to 6 hours per workday when he was employed. (T at 65). He testified that, as of the date of the administrative hearing, he did not drive and relied on public transportation. (T at 44). Plaintiff reported that he has "very little feeling in [his] feet." (T at 54). The medical record was significant for complaints of, and treatment for, weakness, numbness, and pain in the lower extremities bilaterally, apparently related to diabetes. (T at 656, 682, 688, 691, 693, 723, 730).

Two consultative examiners, Dr. Ruben Ustaris and Dr. Concepcion Enriquez, assessed little to no physical limitations arising from Plaintiff's impairments. (T at 517-18, 649). Neither physician found any limitation as to Plaintiff's use of the lower extremities. On a surface level, this would seem to provide support for the ALJ's RFC determination and, in particular, the decision not to include a limitation regarding use of the lower extremities. However, the ALJ found that these assessments were "inconsistent with the record in its entirety" and "did not

10

DECISION AND ORDER – QUINTANA v BERRYHILL 8:17-CV-00033-VEB

adequately consider [Plaintiff's] subjective complaints." (T at 29). The ALJ also noted that the consultative examiners "did not have the benefit of reviewing the other medical reports contained in the current record." (T at 29). The ALJ gave the consultative examiners' opinions "little weight." (T at 29).

As such, this Court is left with an unresolved ambiguity in the record. Plaintiff testified that he does not drive and has "very little feeling in [his] feet." (T at 44, 54). The contemporaneous medical record documented weakness, numbness, and pain in the lower extremities bilaterally, apparently related to diabetes. (T at 656, 682, 688, 691, 693, 723, 730). A State Agency review physician opined that Plaintiff's diabetic neuropathy and intermittent knee pain would limit him to *frequent* pushing/pulling with his lower extremities (i.e. he could not perform a job that required *constant* pushing/pulling with lower extremities). (T at 106).

Notwithstanding this evidence, the ALJ found no limitation regarding lower extremity use and concluded that Plaintiff could perform past relevant work that required essentially constant use of the lower extremities for extended periods. The ALJ offered no explanation for this conclusion, because the medical opinion evidence, that might otherwise appear to provide support for the decision, (e.g, the consultative examiners' opinions and the other State Agency review assessment) were all given "little weight".

1    An ALJ's decision must be sufficiently specific to allow for meaningful
2 appellate review. This Court is not obliged to read between the lines in an effort to
3 find justifications for the ALJ's findings that are not expressly stated or at least
4 reasonably apparent from the plain language of the decision. Here, the ability to use
5 the lower extremities constantly over extended periods of time was a critical element
6 of Plaintiff's past relevant work. The record contained credible evidence of
7 limitation regarding the lower extremities that would be inconsistent with the
8 demands of the past relevant work. The ALJ seemingly discounted that evidence
9 and found no limitation whatever, but offered no explanation for this decision. A
10 remand is required. *See Smith v. Colvin*, No. ED CV 15-379, 2015 U.S. Dist. LEXIS
11 135751, at *5-*7 (C.D. Cal. Oct. 1, 2015)(declining to engage in "guesswork" and
12 remanding based on ALJ's "cursory and unexplained rejection" of material
13 evidence).

14 **B.     Remand**

15     In a case where the ALJ's determination is not supported by substantial
16 evidence or is tainted by legal error, the court may remand the matter for additional
17 proceedings or an immediate award of benefits. Remand for additional proceedings
18 is proper where (1) outstanding issues must be resolved, and (2) it is not clear from

the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is the appropriate remedy. Although the question of lower extremity limitation was not adequately addressed by the ALJ, the question of whether and to what extent Plaintiff is, in fact, limited with regard to the use of his lower extremities is unresolved on this record. Moreover, even if the ALJ finds greater limitation on remand, it is still possible that Plaintiff, while perhaps unable to perform his past relevant work, could be found capable of performing other work that exists in significant numbers in the national economy. A remand for further proceedings is therefore the correct result. *See Strauss v. Comm'r of Soc. Sec.*, 635 F.3d 1135, 1138 (9th Cir. 2011)("Ultimately, a claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be.").

# V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision and REMANDING this case for further proceedings; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case without prejudice to a timely application for attorneys' fees and costs.

DATED this, 7th day of May 2018,

<u>/s/Victor E. Bianchini</u>
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE